IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LANDSTAR RANGER, INC.,
a Florida corporation,

       Case No:

     Plaintiff,

v.

MRN EXPRESS, INC.,
a California corporation, and
PRIME TIME LOGSITICS, INC.,
a California corporation,


     Defendants.

_____/

## COMPLAINT

     Plaintiff LANDSTAR RANGER, INC. by and through its undersigned counsel, hereby submits and files its Complaint against Defendants MRN EXPRESS, INC. and PRIME TIME LOGSITICS, INC., and in support thereof states as follows:

## INTRODUCTION

     1.    This is a civil action for damages of $56,067.20, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR RANGER, INC. ("Landstar"), a transportation broker, and Defendants MRN EXPRESS, INC. ("MRN") and PRIME TIME LOGISTICS,

1

INC. ("PRIME TIME"), each a motor carrier that provides transportation services. MRN has failed to reimburse Landstar for damage of a shipment tendered to it, for which it has liability under the Carmack Amendment, 49 U.S.C § 14706. PRIME TIME has failed to indemnify Landstar for damage to that same shipment tendered to it, as required by the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2.    Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3.    Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-178439) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier.

4.    MRN is a California corporation with its principal place of business in North Hollywood, California.

5.    MRN is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-1201043) to transport property in interstate commerce, including within the state of Florida, and as such this Court has jurisdiction over it.

6.    PRIME TIME is a California corporation with its principal place of business in Bakersfield, California.

7.    PRIME TIME is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC- 1313945) to transport property in interstate commerce.

8.    On or about June 29, 2022, PRIME TIME, entered into the Transportation Brokerage Agreement ("Agreement") with Landstar wherein PRIME TIME agreed to transport cargo for customers of Landstar.  The Agreement is attached hereto as **Exhibit A**.

9.    Paragraph 22 of the Agreement provides that:

Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

10.    Accordingly, PRIME TIME consented to the jurisdiction of this Court and to this Court being a proper venue for this action which arises out of and/or relates to the Agreement.

11.    This Court has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

3

## GENERAL ALLEGATIONS

12.     Sterling Foods ("the Shipper") contacted Landstar to arrange for transportation of frozen ham and cheese croissants ("the Load") from the Shipper in Tracy, California to a consignee in Grand Prairie, Texas.

13.     Governed by the Agreement, on or about August 24, 2022, Landstar arranged for PRIME TIME to transport the Load from Tracy, California to Grand Prairie, Texas. A copy of the governing bill of lading for the Shipment, No. 30972 ("the Bill of Lading"), is attached hereto as **Exhibit B**. A copy of the Rate Confirmation for the Shipment ("the Rate Confirmation"), is attached hereto as **Exhibit C**.

14.     PRIME TIME Logistics was unable to pick up the Load. Thus, PRIME TIME, without authorization from Landstar, arranged for MRN to pick up the Load.

15.     The Load was tendered to MRN in Tracy, California on or about August 13, 2022, in good condition.

16.     Per the Bill of Lading and the associated Rate Confirmation, the Load was to remain at a continuous -10 degrees Fahrenheit throughout its transport. See Exhibit B; Exhibit C.

17.     MRN picked up the Load, however, it failed to deliver the Load to the intended consignee in the same condition. Instead, the Load arrived at the destination in damaged condition. Specifically, and as noted on the Bill of

Lading, the Load arrived damaged as MRN failed to maintain the proper temperature. See Exhibit B.

18.    As such, the Shipper made and submitted a Presentation of Loss and Damage Claim dated September 28, 2022 to Landstar representing the total amount of damages suffered by the Shipper as $56,067.20 due MRN's failure to maintain the proper temperature. A true and correct copy of the Presentation of Loss and Damage Claim is attached hereto as **Exhibit D.**

19.    Pursuant to the Services Contract between the Shipper and Landstar, Landstar was liable to the Shipper for the damages stated in the Presentation of Loss and Damage Claim dated September 28, 2022.

20.    Accordingly, Landstar issued payment to the Shipper totaling $56,067.20.

21.    In exchange for payment pursuant to the Presentation of Loss and Damage Claim and the Shipper executed an Assignment. Thus, Landstar is the owner and assignee of said claim.  *See* **Exhibit C**. A true and correct copy of the Cargo Liability Release, Indemnity and Assignment Agreement is attached hereto as **Exhibit E**.

22.    Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

23.    As of the filing of this action, MRN has failed to accept liability for its loss of the Load.

24.    As of the filing of this action, PRIME TIME has failed to accept liability for its loss of the Load.

25.    All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE – BREACH OF CONTRACT AGAINST PRIME TIME

26.    Landstar incorporates paragraphs 1 through 25 as if fully set forth herein.

27.    Having duly entered into the Agreement with Landstar, PRIME TIME's carriage of the Load was subject to the Agreement's terms and conditions.

28.    Paragraphs 8 and 11 of the Agreement makes PRIME TIME wholly responsible performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services.

29.    Paragraph 16 of the Agreement provides

"CARRIER shall transport all freight tendered by BROKER only on Equipment operated under CARRIER's authority. CARRIER shall not in any way sub-contract, broker, or arrange for the freight to be transported by a third party without BROKER's prior written consent."

30.    PRIME TIME breached the Agreement by arranging for MRN to transport the Load without Landstar's approval.

31.    Paragraph 9 of the Agreement makes PRIME TIME responsible for defending, indemnifying, and holding Landstar harmless "from and

6

against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" PRIME TIME's performance or breach of the Agreement.

32.     PRIME TIME further breached the Agreement by failing to indemnify and hold Landstar harmless for the cargo loss, costs, and attorneys' fees Landstar incurred as a result of PRIME TIME's breach of the Agreement.

33.     As a direct result PRIME TIME's breach of the Agreement, PRIME TIME is liable for Landstar's actual damages in the amount of $56,067.20.

34.     Landstar has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from PRIME TIME which attorney's fees and costs are recoverable under the Agreement.

WHEREFORE, Plaintiff, LANDSTAR RANGER, Inc., demands Judgment in its favor and against Defendant, PRIME TIME LOGSITICS, INC., an award of damages totaling $56,067.20, plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

## COUNT TWO - CARMACK AMENDMENT CLAIM AGAINST MRN

35.    Landstar incorporates paragraphs 1 through 25 as if fully set forth herein.

36.    Plaintiff brings this cause of action based on the assigned rights it possesses from Expeditors Cargo Insurance, who paid the claim on behalf of its insured Sterling Foods

37.    As the motor carrier in possession of the Load, MRN is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under 49 U.S.C. §14706 (the "Carmack Amendment").

38.    As the assignee and owner of the Presentation of Loss and Damage Claim, Landstar is the party entitled to recover the full actual value of the lost property under 49 U.S.C. §14706 (the "Carmack Amendment"). See Exhibit D.

39.    As a direct and proximate result of MRN's failure to properly deliver the Load undamaged, Landstar has suffered damages in the amount of $56,067.20.

WHEREFORE, Plaintiff, LANDSTAR RANGER, Inc., demands Judgment in its favor and against Defendant, MRN, an award of damages totaling $56,067.20, and for any other relief which this Court deems appropriate.

Date: November 8, 2023                Respectfully submitted,

/s/ Sophia Bernard
    Sophia Bernard, Esq.
    Florida Bar No. 113805
    TAYLOR NELSON PL
    20 3rd Street SW, Suite 209
    Winter Haven, FL 33880
    (863) 875-6950 (tel)
    (863) 875-6955 (fax)
    sbernard@taylorlawpl.com
    efiling@taylorlawpl.com
    lroberts@taylorlawpl.com

*Counsel for Plaintiff Landstar Ranger, Inc.*

9